1
2
3
4
5
6
7
8
9      IN THE UNITED STATES DISTRICT COURT FOR THE
10                EASTERN DISTRICT OF CALIFORNIA
11

WAHLUKE PRODUCE, INC.,                )      1:11-cv-1981 LJO-BAM
                                      )
                                      )      FINDINGS AND RECOMMENDATION
                                      )      REGARDING PLAINTIFF'S APPLICATION
           Plaintiff,                 )      FOR DEFAULT JUDGMENT
     vs.                              )
                                      )      (Document 13)
GUERRA MARKETING                      )
INTERNATIONAL INC., *et. al.*,        )
                                      )
           Defendants.                )
_____ )

On March 30, 2012, Plaintiff Wahluke Produce, Inc. ("Plaintiff") filed the present motion for default judgment against Guerra Marketing International, Inc., Richard Guerra, and Yudelka Guerra ("Defendants"). The motion was referred to this Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. The Court deemed the matter suitable for decision without oral argument pursuant to Local Rule 230(g), and vacated the hearing scheduled for May 11, 2012. (Doc. 14). For the reasons that follow, the Court recommends that Plaintiff's Motion for Default Judgment against Defendant Guerra Marketing International, Inc., should be GRANTED and Plaintiff's Motion for Default Judgment against individual defendants Richard Guerra and Yudelka Guerra should be DENIED.

27
28
                                      1

## FACTUAL AND PROCEDURAL BACKGROUND

On November 30, 2011, Plaintiff filed the instant action under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499a *et seq*. (Pl's Compl. at ¶ 1, Doc. 1). According to the Complaint, Plaintiff is engaged in the business of selling and shipping perishable agricultural commodities. Compl. at ¶ 11. As alleged, Defendant Richard Guerra serves as the corporate officer of Defendant Guerra Marketing International, Inc. ("Guerra Marketing"), a California Corporation engaged in the business of buying and selling agricultural commodities. Compl. ¶ 4, 10. Between April 26, 2011 and May 21, 2011, Defendant Guerra Marketing purchased produce from Plaintiff. Compl. at ¶ 11-12. Plaintiff delivered the produce and provided Defendants with invoices for each shipment, setting forth in detail the amounts owed by Defendant for purchases of the produce. (Pl's Mot. at 2, Doc. 13-1). Each invoice also included the following statement:

> The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499(e)(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, and any receivables or proceeds from the sale of these commodities until full payment is received.

Hildred Decl., at Ex. 1. The invoices further provide for finance charges on delinquent accounts at the rate of 1.5% per month, or 18% annually. *See id.* The invoices further specify that in the event legal action is commenced to collect the sums due under the invoices, the prevailing party shall be entitled to recover attorney's fees and costs incurred. *Id.* The total price of the produce accepted by Defendants is $32,391.25.

In its Complaint, Plaintiff now alleges that Defendants have failed to pay for the produce sold to it by Plaintiff. On December 12 and 14, 2011, Defendants were served with the Summons and Complaint in this matter. (*See* Docs. 5, 6, 7). Defendants failed to answer the complaint or otherwise defend the action. On January 13, 2012, upon Plaintiff's request, the Clerk of this Court entered Defendants' default under Federal Rule of Civil Procedure 55(b). (Docs. 9, 10, 11). By their default, Defendants are deemed to have admitted the well-pleaded averments of the complaint except those as to the amount of damages. *See* FED. R. CIV. P. 8(b)(6).

2

1    On March 30, 2012, Plaintiff filed a Motion for Default Judgment against Defendants. Plaintiff

2 seeks judgment against Defendants for the principal owed, interest, attorney's fees, and costs.

3                                               **DISCUSSION**

4 **A.    Legal Standard**

5    Federal Rule of Civil Procedure 55 provides, the Court may enter default judgment against a

6 defendant who has failed to plead or otherwise defend an action. "The district court's decision whether

7 to enter default judgment is a discretionary one." *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir.

8 1980).

9    The Ninth Circuit has provided seven factors for consideration by the district court in exercising

10 its discretion to enter default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of

11 plaintiff's substantive claim; (3) the sufficiency of the compliant; (4) the sum of money at stake in the

12 action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to

13 excusable neglect; and (7) the strong policy of favoring decision on the merits. *Eitel v. McCool*, 782

14 F.2d 1470, 1471-72 (9th Cir. 1986).

15    When assessing these factors, all well-pleaded factual allegations in the complaint are taken as

16 true, except those with regard to damages. *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th

17 Cir. 1987).

18 **B.    Jurisdiction and Service of Process**

19    Courts have an affirmative duty to examine their own jurisdiction—both subject matter and

20 personal jurisdiction—when entry of judgment is sought against a party in default. *In re Tuli*, 172 F.3d

21 707, 712 (9th Cir. 1999). Since this is an action under PACA, federal subject matter jurisdiction arises

22 under 29 U.S.C. §§ 1331 and 1367. Personal jurisdiction arises from Defendants' commercial activities

23 within California. *See Gray & Co. v. Firstenberg Mach. Co.*, 913 F.2d 758, 760 (9th Cir. 1990).

24    The Court must also assess whether the Defendants were served properly with notice of this

25 action. Plaintiff personally served the Summons and Complaint on: Richard Guerra, as Corporate

26 Officer of Guerra Marketing International, Inc.; and Richard Guerra and Yudleka Guerra as individuals.

27 (*See* Docs. 5, 6, and 7). Thus, the Court finds Plaintiff properly effected service of process. FED. R.

28                                                    3

1   Civ. P. 4(e)(2)(A) (an individual may be served "by delivering a copy of the summons and of the

2   complaint to the individual personally");  Fed. R. Civ. P. 4(h)(1)(B) (a corporation may be served "by

3   delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any

4   other agent authorized by appointment or by law to receive service of process.").  Therefore, the Court

5   has both subject matter and personal jurisdiction and the entry of default was proper.

6   **C.      Individual Liability and the Sufficiency of the Complaint**

7          After entry of default, well-pleaded factual allegations in the complaint are taken as true, except

8   as to the amount of damages. *Televideo Sys., Inc.,* 826 F.2d at  917-18.  Plaintiff alleges violation of

9   PACA, 7 U.S.C. § 499e.  PACA applies to sales of perishable agricultural commodities to "any

10  commission merchant, dealer, or broker."  PACA gives the suppliers of such commodities special rights

11  designed to ensure payment. It requires that all produce-derived revenues "be held by such commission

12  merchant, dealer, or broker in trust for the benefit of all unpaid suppliers or sellers of such commodities

13  . . . until full payment of the sums owing in connection with such transactions has been received . . . ."

14  Section 499b(4) requires buyers to "make full payment promptly." 7 U.S.C. § 499b(4).

15         To establish the existence of a PACA trust, Plaintiff must show that: (1) the commodities sold

16  were perishable agricultural commodities; (2) the buyer was a commission merchant, dealer or broker;

17  (3) the transaction occurred in interstate commerce; (4) the seller has not yet received full payment; and

18  (5) the seller preserved its trust rights by giving proper notice to the buyer. 7 U.S.C. 499e. A seller can

19  use "ordinary and usual billing or invoice statements to provide notice of the [seller's] intent to preserve

20  the trust," 7 U.S.C. 449(e)(c)(4).

21         Plaintiff's allegations of the existence of a PACA trust are sufficient. Plaintiff claims to have sold

22  perishable produce through interstate commerce to Defendants who were dealers, and that Plaintiff has

23  not received full payment for sales dating back to April 26, 2011.  Pl's Compl. at ¶ 11.  Plaintiff also

24  claims to have complied with PACA's notice requirement under 7 U.S.C. 499e(c)(4) by submitting

25  invoices including the requisite statutory language.  Hildred Decl., at Ex. 1.

26         Plaintiff next seeks to establish the personal liability of individual defendants Richard and

27  Yudleka Guerra.  Plaintiff did not provide the Court with any Ninth Circuit authority, but the Court's

28                                                      4

research has found that individuals associated with corporate defendants may be liable under a PACA trust theory. *Sunkist Growers, Inc. v. Fisher*, 104 F.3d 280, 282-83 (9th cir. 1997).  In *Sunkist*, after surveying the decisions concerning individual liability under a PACA trust claim, the Court stated:

> The unanimous conclusion of the cases is that PACA liability attaches first to the licensed seller of perishable agricultural commodities.  If the seller's assets are insufficient to satisfy the liability, others may be found secondarily liable if they had some role in causing the corporate trustee to commit the breach of trust.
>
> We agree that individual shareholders, officers, or directors of a corporation who are in a position to control PACA trust assets, and who breach their fiduciary duty to preserve those assets, may be held personally liable under the Act. (citation omitted).

*Id.*  at 283.

Consequently, to establish personal liability Plaintiff must make a showing that the licensed seller's assets are insufficient to satisfy the liability.  After this proof, Plaintiff must then show that the individuals controlled PACA trust assets.  Finally, Plaintiff must show that the individuals breached their fiduciary duty to preserve those assets.

Plaintiff's complaint falls short. Plaintiff did not allege any facts showing that defendant Guerra Marketing, the licensed seller, has insufficient assets to satisfy the liability.  Plaintiff did not allege any facts as to the manner in which individual defendants improperly controlled PACA trust assets.  There are not any facts showing how the individual defendants breached their fiduciary duty.  The allegations in the complaint are not well-pleaded beyond conclusory statements of breach of fiduciary duties.  "[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) (citation omitted).  Plaintiff has failed to plead adequately the requirements as set out in *Sunkist.*  As a result, Plaintiff has failed to allege sufficient facts for the individual liability of Defendants Richard Guerra and Yudleka Guerra.

**D.     The Eitel Factors**

Excluding the individual defendants, the *Eitel* factors favor entry of default judgment against Guerra Marketing in this case.  First, if the motion were denied, Plaintiff may be unable to prosecute this action and recover the amount owed to it for the produce delivered to Guerra Marketing.  Failure to enter a default judgment, therefore, would result in prejudice to Plaintiff since it would leave Plaintiff without

1    an alternative remedy.

2           Second, the Complaint is sufficient to support entry of a default judgment as to Guerra

3    Marketing.  Judgment by default cannot be entered if the complaint fails to state a claim. *See Moore v.*

4    *United Kingdom*, 384 F.3d 1079, 1090 (9th Cir. 2004).  In the instant action, Plaintiff primarily seeks

5    to enforce a PACA trust against Guerra Marketing. *See* Compl. ¶ 8.   PACA provides for the

6    establishment of a statutory trust "in which a produce dealer holds produce-related assets as a fiduciary

7    until full payment is made to the produce seller or producer." *Bowlin & Son, Inc. v. San Joaquin Food*

8    *Serv.* (*In re San Joaquin Food Serv., Inc.*), 958 F.2d 938, 939 (9th Cir. 1992).  "The trust automatically

9    arises in favor of a produce seller upon delivery of produce and is for the benefit of all unpaid suppliers

10   or sellers involved in the transaction until full payment of the sums owing has been received." *C & E*

11   *Enters., Inc. v. Milton Poulos, Inc.* (*In re Milton Poulos, Inc.*), 947 F.2d 1351, 1352 (9th Cir. 1991).

12   Since Plaintiff is a PACA licensee, Plaintiff properly preserved its benefits under the PACA trust created

13   with Guerra Marketing by including the notice of intent on its invoices. *See* 7 C.F.R. § 46.46(f)(3).

14   Plaintiff delivered commodities to Guerra Marketing and Guerra Marketing has not paid.  The Court

15   finds Plaintiff's allegations sufficient to state a claim under Federal Rule of Civil Procedure 8(a).

16          Third, the sum of money at stake is relatively small.  In general, when a large sum of money is

17   at stake is a factor disfavoring default judgment. *See Eitel*, 782 F.2d at 1472 (the fact that $2,900,000

18   was at stake, when considered in light of the parties' dispute as to material facts, supported the court's

19   decision not to enter judgment by default).  In the instant case, Plaintiff has requested a total judgment

20   of $42,553.91—an amount far less than that contemplated by the court in *Eitel*.  *See also Church Bros.,*

21   *LLC v. Garden of Eden Produce, LLC,* 2012 U.S. Dist. LEXIS 48584 (N.D. Cal. Apr. 5, 2012)

22   (approximately $215,183.00 default judgment approved in a PACA action).  Because the sum of money

23   at stake here is modest in comparison, this factor weighs in favor of entering a default judgment.

24          Fourth, there is no dispute of material fact.  Indications that there is a dispute of material fact

25   weigh against entry of default judgment. *Eitel,* 782 F.2d at 1471-72.  Here, Guerra Marketing has not

26   disputed any of Plaintiff's contentions.

27          Fifth, it is unlikely that default was the result of excusable neglect. This action was filed over five

28                                                       6

1  months ago and Guerra Marketing has been properly served.  There is no evidence that Guerra
2  Marketing's default was due to excusable neglect.

3  Sixth, although federal policy generally disfavors the entry of a default judgment, all of the *Eitel*
4  factors weigh in favor of a default judgment here. Therefore, the motion to enter default judgment should
5  be granted.

6  **E.    Damages**

7  In Plaintiff's motion for default judgment, Plaintiff seeks $32,391.25 in principal damages from
8  Guerra Marketing.  Plaintiff has the burden of proving damages through testimony or written declaration
9  or affidavit.  FED. R. CIV. P. 55(b)(2); *Lotenero v. Cripps*, 2012 U.S. Dist. LEXIS 19750 (E.D. Cal. Feb.
10 15, 2012).  Plaintiff has submitted the declaration of Hildred Nelson, Controller of Wahluke Produce,
11 Inc., who regularly undertakes the responsibility of tracking the receivables related to the accounts of
12 customers to ensure that payments are timely made.  Hildred Decl. ¶ 4. Hildred attested to the amounts
13 owed by Guerra Marketing and attached the invoices to support those amounts.  Hildred Decl. ¶ 6, Ex.
14 1. According to the Complaint, and corroborated by the invoices and statements attached to the Hildred
15 declaration, Guerra Marketing has failed to pay Plaintiff $32,391.25. *See* Compl. ¶ 13.  Having reviewed
16 the complaint, and all of the materials filed in support of the motion for default judgment, the Court finds
17 that Plaintiff has established that Guerra Marketing is liable for this amount, and recommends that
18 Plaintiff recover $32,391.25 from Guerra Marketing.

19 Plaintiff also requests prejudgment interest at a rate of 18% or $15.97 per day and post- judgment
20 interest of 18% per annum. (Pl's Mot. at 5).  Under the controlling case of *Middle Mountain Land and*
21 *Produce Inc. v. Sound Commodities Inc.*, 307 F.3d 1220 (9th Cir. 2002),  prejudgment interest may be
22 included in a PACA trust claim if supported by a contractual right; alternatively, the Court has discretion
23 to award reasonable prejudgment interest if such an award promotes the interests of PACA claimants.
24 "[A] district court has broad discretion to award prejudgment interest to PACA claimants under 7 U.S.C.
25 § 499e(c)(2) ... [A] district court may award reasonable prejudgment interest to PACA claimants if such
26 an award is necessary to protect the interests of PACA claimants, and [ ] such an award absent contract
27 is discretionary." *Middle Mountain*, 307 F.3d at 1225-26.

28

1    Here, the invoices attached to the Complaint and to the Hildred declaration state, in relevant part:

2    "a finance charge of 1 ½% PER MONTH (18% annually) will be applied to all PAST DUE

3    ACCOUNTS." Hilderd Decl., Ex. 1.  Although normally interest would accrue at the legal rate, because

4    the invoices created a contract, the interest rate of 18% on unpaid accounts agreed to by the parties is

5    the correct rate to apply. *Citicorp Real Estate, Inc. v. Smith*, 155 F.3d 1097, 1108 (9th Cir.1998)

6    ("affirm[ing] the district court's grant of post-judgment interest based upon the mutually agreed upon

7    contract rate").   Plaintiff submits evidence that the accrued interest to the date of the motion is

8    $5,110.46. Thus, Plaintiff is entitled to prejudgment interest of $5,110.46 through March 30, 2012, plus

9    prejudgment interest after March 31, 2012 and continuing until judgment is entered at the rate of $15.97

10   per day; and post-judgment interest.

11   **F.      Attorney's Fees**

12        Finally, Plaintiff may recover attorney's fees based on the same contract created by the invoices.

13   Each invoice states that "[s]hould any action be commenced between the parties to this contract

14   concerning the sums due hereunder or the rights and duties of any party hereto or the interpretation of

15   this contract, the prevailing party in such action shall be entitled to . . . an award as and for the actual

16   attorney's fees and costs in bringing such action . . . ." .  Hildred Decl., Ex. 1 at pg.  6.  That language

17   is sufficient to support Plaintiff's request.  *See Sequoia Sales, Inc. v. P.Y. Produce, LLC*, No. CV

18   10-5757 CW (NJV), 2011 WL 3607242, 2011 U.S. Dist. LEXIS 90551, at *19-21 (N.D. Cal. July 29,

19   2011) (citing *Coosemans Specialties, Inc. v. Gargiulo*, 485 F.3d 701, 709 (2d Cir. 2007).   Further,

20   having reviewed the billing statements provided by Plaintiff's counsel, the Court finds that the amount

21   requested—$4,702.50[1]—is reasonable for the time and skill necessary for this case.  *See Henry Avocado*

22   *Corp. v. Polo's Produce, Inc.,* No. 1:10-cv-01298-AWI-JLT*, 2010 U.S. Dist. LEXIS 117032 (E.D. Cal.

23   2010) (finding reasonable $4,886.50 in attorney's fees in an action under PACA*); see also Paramount*

24   *Citrus Coop., Inc. v. H&M Produce*, *Inc.*, No. 1:08-cv-01210-AWI-SMS, 2008 U.S. Dist. LEXIS

25   118297, at *14, 2008 WL 4716764 (E.D. Cal. Oct. 24, 2008) (finding that the plaintiff in a PACA claim

26

27        [1]        Plaintiff's counsel's billing rate is $350 per hour.   Read Decl. ¶ 16.

28                                                                  8

1   was entitled to reasonable attorneys' fees at $350.00 per hour).

2   **G.     Costs**

3          In addition to damages, interest, and attorney's fees, Plaintiff seeks reimbursement of court costs

4   in the amount of $350.00.  This amount is supported by the record, as the Court's docket reflects

5   payment of the $350 filing fee, which is authorized by 28 U.S.C. § 1920.  Therefore, the Court

6   recommends that Plaintiff's request for an award of the costs incurred in filing this PACA matter be

7   GRANTED.

8                              **CONCLUSION AND RECOMMENDATION**

9          For the reasons set forth above, IT IS RECOMMENDED that:

10         1.     Plaintiff's Motion for Default Judgment (Doc. 13) against Defendant Guerra Marketing

11                International, Inc. be GRANTED;

12         2.     Plaintiff's Motion for Default Judgment (Doc. 13) against Defendants Richard Guerra

13                and Yudleka Guerra, as individuals be DENIED;

14         3.     Judgment be entered against Defendant Guerra Marketing International, Inc. in the

15                principal sum of $32,391.25, pre-judgment interest through and including March 30,

16                2012 in the amount of $5,110.46, pre-judgment interest to the date of judgment at the rate

17                of $15.97 per day, reasonable attorney's fees in the sum of $4,702.50, together with

18                post-judgment interest on the judgment at the rate of eighteen percent per annum, and

19                costs in the sum of $350.00.

20         These findings and recommendations are submitted to the district judge assigned to this action,

21   pursuant to Title 28 of the United States Code section 636(b)(1)(B) and this Court's Local Rule 304.

22   Within thirty (30) days of service of this recommendation, any party may file written objections to these

23   findings and recommendations with the Court and serve a copy on all parties.  Such a document should

24   be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge

25   /////

26   /////

27   ////

28                                              9

1   will review the magistrate judge's findings and recommendations pursuant to Title 28 of the United

2   States Code section 636(b)(1)(C).  The parties are advised that failure to file objections within the

3   specified time may waive the right to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153

4   (9th Cir. 1991).

5        IT IS SO ORDERED.

6        **Dated:** __**May 7, 2012**__          _____/s/ **Barbara A. McAuliffe**_____
                                                    UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                                10