UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WAHLUKE PRODUCE, INC., a corporation,

Plaintiff,

v.

GUERRA MARKETING INTERNATIONAL, INC., a corporation; RICHARD GUERRA, an individual; YUDELKA GUERRA, an individual;

Defendants.

CASE NO. 11-cv-01981-LJO-BAM

**ORDER APPROVING STIPULATION FOR ENTRY OF JUDGMENT AGAINST DEFENDANT RICHARD GUERRA**

Having read and considered the Stipulation for Entry of Judgment submitted by Plaintiff WAHLUKE PRODUCE, INC., ("Wahluke" or "Plaintiff") and Defendants RICHARD GUERRA ("RG" or "The Individual Defendant") and GUERRA MARKETING INTERNATIONAL, INC. ("GMI") (collectively referred to as "Defendants"), and all other pleadings and papers on file herein, and good cause appearing therefor,

IT IS HEREBY ORDERED that the Stipulation for Entry of Judgment is approved in its entirety.

IT IS FURTHER ORDERED that the following facts are hereby adopted by this Court as Findings of Fact upon such terms and conditions as provided in the Stipulation.

1. Plaintiff is, and during all times mentioned herein has been, licensed by the U.S. Department of Agriculture under PACA license no. 19871729.

2. Defendant GMI is and during all times mentioned herein was, a California corporation, having a principal business address of 1425 K Street, Modesto, California 95353.

3. The Individual Defendant is a person who is, and during all times mentioned herein was, an officer, director, owner and/or shareholder of GMI and who is and was in a position to control the trust assets under the Perishable Agricultural Commodities Act ("PACA") [7 U.S.C. §499e *et.seq.*] that are the subject of the above-captioned lawsuit.

4. During all times mentioned herein, GMI purchased and sold perishable agricultural commodities in aggregate quantities exceeding 2,000 pounds in weight in any one day shipped, received or contracted to be shipped or received.

5. During all times herein mentioned, GMI was operating under a valid PACA license issued by the U.S. Dept. of Agriculture, license no. 20050571.

6. By virtue of operating under a valid PACA license and the total shipping weight as described above, Defendants were dealers as defined by PACA and were therefore operating subject to PACA and its rules and regulations, including without limitation the PACA trust provisions set forth at 7 U.S.C. §499e et.seq.

7. Between on or about April 26, 2011 and May 21, 2011, in a series of transactions, Plaintiff sold and shipped perishable agricultural commodities to Defendant GMI at GMI's request, for which GMI agreed to pay Plaintiff in the principal amounts at least as great as the sum of $32,391.25.

8. At or about the date of each transaction described above, Plaintiff forwarded to GMI invoices for said transactions setting forth in detail the amounts owed by GMI for GMI's purchase of the commodities.

9. Plaintiff has repeatedly demanded that GMI pay the amounts due and owing under the above-described invoices. However, GMI has failed and continues to fail to pay Plaintiff for the produce purchased and no part of those sums due and owing has been paid. Consequently, GMI still owes Plaintiff the principal amount of $32,391.25.

10. Plaintiff has performed all conditions, covenants and obligations required to be performed by Plaintiff under the agreements for sale of produce as set forth herein.

11. The commodities described above were sold in the course of and in contemplation of entering interstate and/or foreign commerce.

12. Plaintiff has taken all steps necessary to properly preserve Plaintiff's PACA Trust rights under 7 U.S.C. §499e(c) with respect to the sales transactions described above and all sums due Plaintiff from GMI qualify for protection under the PACA trust statute.

13. GMI has failed to pay Plaintiff for the PACA balance due as described above, the non-payment of which constitutes a violation of PACA [7 U.S.C. §499e(c)].

14. The Individual Defendant is a statutory PACA trustee, obligated to preserve the PACA trust assets for the benefit of Plaintiff as a PACA trust beneficiary of GMI and has breached his obligations as a statutory trustee by failing to preserve the PACA trust assets in a manner such that said assets are freely available to promptly pay the sums due to Plaintiff. The Individual Defendant is therefore liable, jointly and severally, to Plaintiff for such breach.

15. On June 11, 2012, Judgment was entered by the above-captioned Court in favor of Plaintiff and against GMI as follows, under the trust provisions of Perishable Agricultural Commodities Act ("PACA") [7 U.S.C. §499e, *et seq.*] [Document nos. 23 and 24]:

(i) Principal in the amount of $32,391.25;

(ii) Pre-judgment interest and finance charge through and including March 30, 2012 in the amount of $5,110.46;

(iii) Pre-judgment finance charges after March 31, 2012 and continuing until judgment is entered at the rate of $15.97 per day;

(iv) Cost of suit in the amount of $350.00;

(v) Attorney's fees of $4,702.50; and

(vi) Post-judgment interest charge at the rate of 18% per annum.

The total amount due under the foregoing Judgment, as of July 31, 2012, is $44,504.34, ("the Judgment Amount") consisting of the principal sum of $32,391.25, pre-judgment finance charges through and including March 30, 2012 in the amount of $5,110.46, and between March 31, 2012 and June 11, 2012 (the date judgment was entered) in the amount of $1,154.11, plus post-judgment finance charges from June 12, 2012 through July 31, 2012 in the amount of $796.02 all of which accrues at the rate of 18% per annum (1.5% per month), plus reasonable attorneys fees in the amount of $4,702.50 and costs in the amount of $350.00, all of which qualifies for protection under the trust provisions of PACA [7 U.S.C. §499e *et seq.*].

IT IS FURTHER ORDERED that in the event of default as set forth in the Stipulation, judgment shall be entered against Defendant RG in the form already entered by this Court against Defendant GMI, for the full Judgment Amount set forth above, less sums received by Plaintiff prior to default.

IT IS FURTHER ORDERED that so long as the Defendants are not in default of the Stipulation as described at paragraphs 27 and 28 therein, and so long as payment required thereunder is made at the time and in the manner set forth herein, Plaintiff shall take no steps to enforce the Judgment entered against Defendant GMI [Document nos. 23 and 24] or to request entry of judgment against RMG.

IT IS FURTHER ORDERED that Defendant YUDELKA GUERRA is hereby dismissed from this action, without prejudice.

IT IS FURTHER ORDERED that the U.S. District Court for the Eastern District of California shall retain exclusive jurisdiction over the parties and subject matter herein in order to enforce or interpret the provisions of this Stipulation and to enter and enforce judgment hereon.

///

///

IT IS FURTHER ORDERED that this action shall be administratively closed without prejudice pending payment of the sums due hereunder and subject to immediate reopening upon for the purpose of entering and enforcing judgment in the manner set forth in the Stipulation.

IT IS SO ORDERED.

Dated: **August 14, 2012**

**/s/ Lawrence J. O'Neill**
UNITED STATES DISTRICT JUDGE